IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MICKEY ALEXANDER,           )
                            )
        Plaintiff,           )
                            )
v.                          )        Case No. CIV-16-137-RAW
                            )
WAGONER COMMUNITY HOSPITAL, )
et al.,                     )
                            )
        Defendants.          )

# ORDER

Before the court is the motion to dismiss of defendants. Plaintiff, a former employee of Wagoner Community Hospital (WCH), alleged both federal claims under Title VII and state law claims. In the complaint, plaintiff also named his direct supervisor Vanessa Finch and a higher supervisor Barnetta Pofahal as defendants. In his response to the motion, however, plaintiff dismisses Finch and Pofahal as defendants[1] and dismisses all claims except the federal claims "for sexual harassment and hostile work environment" (#20 at 4). Thus, those claims will be addressed as asserted against WCH.

In reviewing a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations in the complaint and view those allegations in the light most favorable to plaintiff. *Nixon v. City and County of Denver,* 784 F.3d 1364, 1368 (10th Cir.2015). Plaintiff is not required to establish a prima facie case in his complaint, but is only required to allege enough factual allegations to set forth a plausible claim. *Pueblo of Jemez v. United States,* 790 F.3d 1143, 1172 (10th Cir.2015). "A claim has facial plausibility when the plaintiff

---

[1] This was an appropriate decision, because relief granted under Title VII is against the employer, not individual employees. *See generally Cooks v. Industrial Piping Specialists, Inc.,* 2017 WL 253160, *2 (N.D.Okla.2017). Plaintiff does not specify, but the court finds dismissal of the other defendants should be with prejudice.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Analysis is somewhat hampered because both plaintiff's complaint and the present briefing are not perfectly clear. As stated, plaintiff asserts at one point in his response he is proceeding on claims of (1) sexual harassment and (2) hostile work environment. There is no cognizable claim for sexual harassment *per se*, however. Under Title VII, harassment is actionable only when it is sufficiently severe or pervasive such that a reasonable person would find the environment to be hostile or abusive and the employee in fact perceived it to be so. *Debord v. Mercy Health System of Kansas, Inc.,* 737 F.3d 642, 650 (10th Cir.2013).

Plaintiff alleges a hostile work environment claim, but also (as is clear from the complaint and other statements in his response to the present motion) contends he was discharged in violation of Title VII. It is not uncommon for a plaintiff to allege that a hostile work environment culminated in a <u>constructive</u> discharge.[2] Plaintiff, however, explicitly disavows such a claim, stating "I did not resign." (Complaint at ¶148). Defendant contends that plaintiff did, in fact, quit (#21 at 4 n.2). Even if defendant is correct, plaintiff might still have a claim for constructive discharge, but (as stated) plaintiff's allegation in the complaint is of actual discharge.

Plaintiff is an African-American male (Complaint, ¶22). His wife is white (¶38). His supervisor Finch is African-American (¶27). Viewing the allegations in the light most favorable to plaintiff, it appears the complaint alleges that the hostile work environment and

---

[2] A constructive discharge occurs when an employer unlawfully creates working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign. *Lockheed Martin Corp. v. Admin. Review Bd.,* 717 F.3d 1121, 1133 (10th Cir.2013). An actual discharge occurs when the employer uses language or engages in conduct that would logically lead a prudent person to believe his tenure had been terminated. *Fischer v. Forestwood Co., Inc.,* 525 F.3d 972, 979 (10th Cir.2008). An actual discharge does not occur, however, when the employee chooses to resign rather than work under undesirable conditions. *Id.* at 980.

2

discharge were motivated by both race and sex, i.e., two prohibited bases under Title VII. That is to say, some of the comments directed at plaintiff (the allegations considered true for purposes of a Rule 12(b)(6) motion) are alleged to stem from either sexual attraction of the supervisor to plaintiff or from resentment that plaintiff was married to a white woman.

As to the claim of hostile work environment, plaintiff must allege more than a few isolated incidents; instead, there must be a steady barrage of opprobrious comments. *See Chavez v. New Mexico,* 397 F.3d 826, 832 (10th Cir.2005). The court finds plaintiff has adequately stated a plausible claim which survives under Rule 12(b)(6). As for the claim of wrongful discharge in violation of 42 U.S.C. §2000e-2(a)(1), defendant takes the position that plaintiff is merely using a label or conclusion in calling his termination a "tangible adverse employment action." (#21 at 2).[3] Rather, defendant argues, plaintiff must specify who terminated plaintiff and what was said. The court disagrees. "Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.,* 706 F.3d 1231, 1235-36 (10th Cir.2013). Plaintiff's complaint satisfies this standard.[4]

It is the order of the court that the motion to dismiss (#15) is hereby denied as to defendant Wagoner Community Hospital. Defendants Finch and Pofahal, however, are dismissed with prejudice.

---

[3] The present pleading standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated would not do." *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir.2012).

[4] The complaint alleges plaintiff "was terminated by WCH" (¶33) and through joint conduct of Pofahal and Finch (¶¶146-149). The testing of these allegations is, of course, for the discovery process.

**ORDERED THIS 2nd DAY OF MARCH, 2017.**

**Dated this 2nd day of March, 2017.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma